**COFFEY & KAYE**
**BY: MICHAEL J. OLLEY, ESQUIRE**
**IDENTIFICATION NO. 56118**
**Suite 718, Two Bala Plaza**
**Bala Cynwyd, PA  19004**
**(610) 668-9800**                                              **Attorneys For: Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDRICK A. DENNEY, | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| NORFOLK SOUTHERN CORPORATION | : | JURY TRIAL DEMANDED |
| Defendant | : | NO. |

**C O M P L A I N T**

1.	Plaintiff, Fredrick A. Denney, is an individual citizen and resident of the State of Delaware, 622 South Dupont Highway, Newark.

2.	Defendant, Norfolk Southern Corporation, is a corporation duly organized and existing under and by virtue of the laws of the State other than Delaware, believed to be Virginia, with its principal place of business in Roanoke, Virginia.

3.	At all times material hereto, the defendant regularly and consistently conducted business in the Eastern District of Pennsylvania and had a regular place for the conduct of business at 501 Office Center Drive, Suite 190, Fort Washington, PA 19034.

4.     Jurisdiction is founded upon diversity of citizenship and the amount in controversy is in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest.

5.     On or about June 26, 2000, at or about 12:45 p.m., plaintiff was employed by Auto Resources Group and was performing his job duties at the CSX facility at Twin Oaks, Aston, Pennsylvania.

6.     On the aforementioned date and at the aforementioned time, plaintiff was required to enter, and work in an auto carrier railcar.

7.     The aforementioned auto carrier railcar was owned by the defendant.

8.     The aforementioned auto carrier railcar was possessed by the defendant.

9.     The aforementioned auto carrier railcar was maintained by the defendant.

10.    The aforementioned auto carrier railcar was controlled by the defendant.

11.    The aforementioned auto carrier railcar was provided by the defendant.

12.    The aforementioned auto carrier railcar was used by the defendant.

13.    The aforementioned auto carrier railcar was the responsibility of the defendant.

14.    On the aforementioned date, and at the aforementioned time, as a result of the negligence and carelessness of the defendant, individually and/or its agents, servants, workmen and/or employees, oil, grease and/or other slippery substances were located on the floor and/or other walking surfaces of said railcar.

15.    All the acts alleged to have been done or not to have been done by the defendant were done or not done by its respective agents, servants, workmen and/or employees, acting in the course and scope of their employment for and on behalf of said defendant.

16.    On the aforementioned date, as a result of the negligence of the defendant,

individually and/or its agents, servants, workmen, and/or employees, plaintiff was caused to lose his balance as a result of this slippery substance, and further caused to fall off of the railcar approximately sixteen feet to the ground below, striking the railcar knuckle as he fell, and causing him to sustain the serious, painful and permanent personal injuries more particularly hereinafter set forth.

17. The aforementioned accident was not caused by any conduct on the part of the plaintiff, but was caused by the negligent condition of the railcar due to the negligence and carelessness of the defendant.

18. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained lumbar sprain, lumbar disc injury at level L1 and L2, lumbar disc injury of level L3/L4, exacerbation of a dormant lumbar disc condition, multiple abrasions and contusions of the body, fractured ribs, abscess of the anterior chest wall, osteomyelitis of the left clavicle head, fracture of the coccyx and left knee strain. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

19. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries and has been unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

WHEREFORE, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty

Thousand Dollars ($150,000.00).

                                        COFFEY & KAYE

                            BY:_____
                                   MICHAEL J. OLLEY
                                   Counsel for Plaintiff